# THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
      )
      )
      )
    v.      )      **I.D. No. 1508009967**
      )
      )
**GENE L. FULTON,**      )
      )
    **Defendant.**      )

Date Submitted:  February 5, 2026
Date Decided:  February 12, 2026

## ORDER ON DEFENDANT'S APPLICATION FOR COMPASSIONATE RELEASE – SUMMARILY DENIED

**IT IS SO ORDERED** this 12th day of February, 2026, that Defendant's Application for Compassionate Release pursuant to 11 *Del. C.* § 4217, be **SUMMARILY DISMISSED.**[1]

1.    Fulton was sentenced on April 29, 2016, to fifteen years at Level V, with no probation to follow, pursuant to 11 *Del. C.* § 4214(b) for Burglary in the Second Degree,[2] and two years at Level V, suspended immediately for decreasing levels of supervision, for Theft from a Senior.[3]

---

[1] 11 *Del. C.* § 4217(b)(6).
[2] *State v. Gene Fulton*, 1509009967, Docket Item (hereinafter "D.I.") 17.
[3] *Id.*

2. On January 27, 2026, pursuant to 11 *Del. C.* § 4217, Fulton applied for modification of his sentence seeking compassionate release. This newly enacted avenue for sentence medication allows a certain classification of incarcerated inmates to so move the Court under a limited and defined set of circumstances.[4] This Section permits summary dismissal of such applications when these strictly defined circumstances are not met by the movant.[5]

3. Summary dismissal, pursuant to 11 *Del. C.* § 4217(b)(6) is warranted here in that Fulton, while over the age of 60, has not yet served 15 years of his original sentence.[6] Further, Fulton's application is not based "solely" on rehabilitation; Fulton asserts legal argument in his request for compassionate relief.[7]

4. The total amount of Level V incarceration to which Fulton was sentenced is fifteen (15) years. As a result, Fulton will be released at the triggering time prescribed by Section 4217 and it is therefore legally not possible for him to qualify for the relief under this area of the law.

5. Further, Fulton is serving a statutorily mandated term of incarceration at Level V for a Title 11 conviction, Burglary Second Degree,[8] and has not yet served

---

[4] *See generally*, 11 *Del. C.* § 4217.
[5] 11 *Del. C.* 4217(b)(6)
[6] 11 *Del. C.* 4217(a)(3)b.
[7] *Id.*
[8] 11 *Del. C.* § 825

all of the statutorily mandated portion of his sentence. This further disqualifies him from relief under § 4217.[9]

6. While Fulton appropriately attached a copy of the Department of Corrections written statement[10] to his amended motion, this statement indicates that in the opinion of the Department, Fulton is not eligible for relief under 11 *Del. C.* § 4217 because he:

1. "Has been a behavior management concern/non-compliant with institutional rules and responsibilities."

2. "Lacks favorable rehabilitative progress; lacks consistency in demonstrating rehabilitation through institutional compliance, program participation, and maintaining positive behavior."

3. "Has not completed the required Level 5 sentence identified in 11 Del. C. § 4217 and/or by the Court's order regarding special conditions or treatment while at LV5."[11]

7. Fulton is therefore ineligible for relief under 11 *Del. C.* § 4217 and his Application is **SUMMARILY DISMISSED**.

8. Finally, and for the aforementioned reasons, Fulton's application lacks good cause and invokes 11 *Del. C.* § 4217(c)(4). Fulton is therefore prohibited from refiling any subsequent application for three (3) years, especially given that any

---

[9] *See* 11 *Del. C.* § 4217(a)(5).
[10] 11 *Del. C.* § 4217(b)(3).
[11] D.I. 47.

future filing would be futile.

**IT IS SO ORDERED.**

_____
The Honorable Danielle J. Brennan


Cc:    Barzilai Axelrod, Esquire, Deputy Attorney General
Gene Fulton (SBI: 00160379), *Pro Se*
Heather Hamlet & Robert May, Department of Corrections
Original to Criminal Prothonotary